John E. Flaherty
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Errol B. Taylor
Fredrick M. Zullow
William J. McNamara
MILBANK, TWEED, HADLEY &
   & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

*Attorneys for Plaintiff*
*Orexo AB*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OREXO AB, | Honorable Freda L. Wolfson, U.S.D.J. |
| Plaintiff, | Honorable Lois H. Goodman, U.S.M.J. |
| v. | Civil Action No. 3:11-cv-03788 (FLW)(LHG) |
| MYLAN PHARMACEUTICALS INC. and MYLAN INC., | |
| Defendants. | |

## CERTIFICATION IN SUPPORT OF
## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

John E. Flaherty, under penalty of perjury, declares as follows:

1. I am a member of the firm of McCarter & English, LLP and counsel for plaintiff Orexo AB ("Plaintiff" or "Orexo"), the plaintiff in the above-captioned actions. I submit this Attorney Certification in support of a request for entry of a Stipulated Discovery

ME1 13143857v.1

Confidentiality Order ("Confidentiality Order" or "Order") made by all parties to the above-captioned actions.

2. These cases arise out of Plaintiff's assertions of patent infringement under the Hatch-Waxman Act and Defendants' defenses thereto. Orexo holds an approved New Drug Application from the United States Food and Drug Administration ("FDA") for a zolpidem tartrate sublingual product sold under the brand name Edluar®. By letter dated, May 19, 2011, Mylan notified Orexo that it had filed Abbreviated New Drug Application No. 20-2657 seeking FDA approval to commercially market a generic zolpidem tartrate sublingual product. Given the nature of the claims and the defenses asserted by the parties, discovery will likely include several areas of a sensitive nature, such as the parties' research and development efforts and confidential information. It is my understanding that the documents concerning these subjects contain trade secrets or other confidential research, development, or commercial information, and it is anticipated that other information and materials produced or created during the course of discovery, such as deposition transcripts, may also contain confidential information.

3. The parties in these cases assert that disclosure of this information without the entry of the Confidentiality Order would, among other things, result in harm to all parties and non-parties stemming from disclosure of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c). Because the disclosure of such materials poses a substantial risk of causing harm to the parties, the parties developed and reached agreement upon a protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in the proposed Confidentiality Order.

ME1 13143857v.1

4. The parties respectfully submit that good cause exists for the entry of the proposed Order. *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The nature of these cases requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary and financial interests. The proposed Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials. To streamline the discovery process and minimize the need for the Court's intervention, the proposed Order adopts an approach that allows the producing party to designate certain materials being produced or deposition testimony as confidential. *See* Order, ¶ 1. Disclosure of such materials or deposition testimony designated as "Confidential" or "Highly Confidential" is limited to specific classes of persons as defined in the Order. *Id.*, ¶¶ 4-5. Moreover, the proposed Order requires the parties to seek permission to file confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceeding. *Id.*, ¶ 11.

5. The proposed Order also provides that the party requesting production of the information may challenge a producing party's confidential designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential. *Id.*, ¶ 13. Orders of this type have been approved by the United States Court of Appeals for the Third Circuit. *See Pansy*, 23 F.3d at 787 n.17; *Cipollone v. Liggett Group Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987). These actions do not involve any government entity or official, but rather involve private litigants. Furthermore, the information at issue would not otherwise be available under a freedom of information law.

These factors further weigh in favor of entering the proposed Confidentiality Order.  *Pansy*, 23 F.3d at 786, 791.

      6.      Nothing herein is a waiver by Plaintiff of any objection to any discovery request by any other party, nor an admission of the existence or relevance of such documents or information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2012.

                By:  *s/ John E. Flaherty*
                          John E. Flaherty