## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
:
OREXO AB,                                    :
                                             :     Civil Action No. 3:11-cv-03788
                                             :     (FLW)(LHG)
                  Plaintiff,                 :
                                             :     District Judge Freda L. Wolfson
                                             :     Magistrate Judge Lois H. Goodman
           v.                                :
                                             :
MYLAN PHARMACEUTICALS INC. and               :     STIPULATED DISCOVERY
MYLAN INC.,                                  :     CONFIDENTIALITY ORDER
                                             :
                  Defendants.                :
---------------------------------------------------------------X

## FINDINGS SUPPORTING THE ENTRY OF THE
## DISCOVERY CONFIDENTIALITY ORDER

Plaintiff Orexo AB ("Orexo") and defendants Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively "Mylan") have requested that the following Discovery Confidentiality Order ("Order") be entered to govern the exchange and use of discovery materials and testimony that the Parties regard as confidential.  In support of this request, the Parties have submitted the declaration of John E. Flaherty dated March 8, 2012 and Joseph Divinagracia dated March 8, 2012, pursuant to Local Civil Rule 5.3(b)(2) explaining why this Order is necessary.  Orexo and Mylan are referred to herein individually as a "Party" or collectively as the "Parties."

Based upon the declarations before the Court and the record in this case, the Court makes the following findings of fact:

This is a patent infringement action by Orexo against Mylan arising under the Hatch-Waxman Act.  Orexo holds an approved New Drug Application from the United States Food and Drug Administration ("FDA") for a zolpidem tartrate sublingual product sold under the brand name Edluar®.  By letter dated, May 19, 2011, Mylan notified Orexo that it had filed

Abbreviated New Drug Application No. 20-2657 seeking FDA approval to commercially market a generic zolpidem tartrate sublingual product.

Given the nature of the claims and defenses asserted by the Parties in this case, discovery will necessarily focus on several areas of the Parties' businesses, and potentially third-parties' businesses, deemed to be of a sensitive and proprietary nature. The areas may include, for example: (i) research and development efforts, (ii) proprietary technology, (iii) and other sensitive business information. Testimony and documents concerning these subjects may contain confidential information, proprietary information, trade secrets and/or other sensitive information. Because disclosure of such material may pose a substantial risk of causing harm to the Parties' competitive positions if publicly disclosed, the Parties developed and reached agreement on a procedure for controlling disclosure of such information produced during discovery. The agreed-upon procedure is embodied in this Order.

Good cause exists for entry of this Order. *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994); L. Civ. R. 5.3(b). The nature of the case requires the Parties to seek and/or produce documents and information and elicit deposition testimony, the disclosure of which may pose a substantial risk of harm to the Parties' legitimate proprietary interests. This Order provides reasonable restrictions on the disclosure of such sensitive material. In order to streamline the discovery process and minimize the need for Court intervention, this Order adopts a two-tier approach that allows the producing Party to designate certain materials being produced as "Confidential" and certain materials as "Highly Confidential." This Order limits disclosure of materials designated as "Confidential" and "Highly Confidential" to specific classes of persons.

This Order also provides that the Party requesting production of the information may challenge the producing Party's confidentiality obligation before the Court, thereby minimizing

the likelihood that non-sensitive documents will be unnecessarily designated as confidential. Consistent with the Explanatory Note to Local Civil Rule 5.3(b), the Order allocates to the producing party the burden of justifying the confidentiality designation.  Umbrella orders of this type have been approved by the United States Court of Appeals for the Third Circuit.  *See* Pansy, 23 F.3d at 787, n.17; *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1122 (3d Cir. 1986), *cert. denied,* 484 U.S. 976 (1987).

Accordingly, the Court hereby enters the following Order:

## DISCOVERY CONFIDENTIALITY ORDER

WHEREAS, the Parties have agreed that certain information subject to discovery in this action may be claimed to contain proprietary or confidential trade secret, technical, business, or financial information of the producing party or applicable non-party within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively, "Protected Material"); and

WHEREAS, these parties, through counsel, stipulate that the good cause standard set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), exists for the entry of this Discovery Confidentiality Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced in this case;

Therefore, the following provisions of this Order shall control the disclosure, dissemination, and use of information in this case:

1.    Designation Of Protected Material

a.    Any person or entity (the "Producing Party") producing documents, things, information or other materials in the above captioned case ("Produced Material") for inspection or review by another person or entity (the "Receiving Party") may designate as "Confidential" or "Highly Confidential" pursuant to this Order any Produced

Material that the Producing Party in good faith considers to be "Confidential" or "Highly Confidential" as defined below in Paragraphs 4 and 5.

b.      All information designated as Confidential or Highly Confidential, including all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Protected Material." Notwithstanding such designation, Protected Material does not include information that:

(1)      Was, is, or becomes public knowledge, not in violation of this Discovery Confidentiality Order;

(2)      Is acquired or was possessed by the Receiving Party in good faith without confidentiality restrictions or from a third party not subject to this Discovery Confidentiality Order;

(3)      Is discovered independently by the Receiving Party by means that do not constitute a violation of this Discovery Confidentiality Order; or

(4)      Was, is, or becomes expressly released from being designated as Protected Material by the Producing Party or by order of the Court.

2.      <u>Labeling Of Protected Material</u>

a.      The designation of Protected Material for purposes of this Order shall be made in the following manner:

(1)      With regard to written material (including transcripts of depositions or other testimony) and electronic images (such as TIFFs), a legend shall be affixed to each page substantially in the form, "Confidential" or "Highly Confidential"; and

(2)      With regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material in any suitable manner.

b.      Materials described in Paragraphs 2.a(1) and 2.a(2) made available by a Producing Party for inspection without confidentiality legends shall be deemed to be Highly Confidential until otherwise designated by the Producing Party.

c.      Each transcript of any deposition shall be treated as Highly Confidential in its entirety, and the court reporter shall affix such a designation to the cover and every page of the transcript.  Testimony about Protected Material of a Producing Party shall be deemed Protected Material disclosed by the Producing Party pursuant to this Discovery Confidentiality Order.  Within thirty (30) days after the deposition, any party may propose Confidential or Highly Confidential designations by notifying all parties, in writing, of specific pages and lines of the transcript to be either Confidential or Highly Confidential.  To the extent any portion of the deposition is not designated as Confidential or Highly Confidential within thirty (30) days after the deposition, it shall be considered not confidential.  In the event of different designations for the same text, the parties will confer to reach agreement on the appropriate designation, and may seek Court intervention if necessary to resolve any disagreement.  Until the issue is resolved, the transcript portions at issue shall be treated as the most restrictive designation made by anyone.

3.      <u>Disclosure And Use Of Protected Material</u>  Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, a Receiving Party shall use Protected Material solely for purposes of  assisting outside counsel in connection with the above-captioned lawsuit, and will not use the information for any other

purpose, or in connection with any other proceeding including, without limitation, any business

or commercial purpose, any other litigation or any application for patent in any jurisdiction.  If a

Receiving Party is served with a subpoena, discovery request in an action other than the above

captioned case, or any other request seeking by legal process the production of Protected

Material, such Receiving Party shall promptly notify the Producing Party, and inform the persons

seeking discovery in writing (with copy to the Producing Party and the Court) that providing the

Protected Material would be a violation of this Discovery Confidentiality Order.

    4.    <u>"Confidential" Material</u>

    The designation "Confidential" shall be limited to information that any Producing Party,

including any third party, in good faith, believes to contain:

        a.    (1) proprietary or commercially sensitive information concerning the

formulation or composition of products; (2) proprietary or commercially sensitive

information concerning the design, development, production, or manufacturing of

products; (3) sensitive personal information; (4) trade secrets or other confidential

research, development or commercial information; or (5) other information required by

law or agreement to be kept confidential.  For the avoidance of doubt, the following

information shall be of the type considered "Confidential" and not "Highly Confidential"

under this order: (1) All portions of ANDA 20-2657 and correspondence with FDA

relating thereto; (2) all portions of the NDA; (3) the DMF for the active ingredients and

correspondence with the FDA relating thereto; (4) all documents relating to the

composition, manufacture, specifications, testing, analysis, makeup, content, ingredients,

development and structure of Mylan's ANDA products; (5) all samples of Mylan's

ANDA product along with all testing and analysis of samples by or on behalf of any

party; (6) N.J. L. Pat. R. 3.6 disclosures and contentions and supporting documentation;

6

(7) discovery requests and responses concerning infringement or noninfringement claims; and (8) batch records of Mylan's ANDA product and Orexo's Edluar product. The foregoing list is included for clarification purposes and shall not be considered a waiver by either Party of any objection to a request for the production of documents, nor an admission that the categories identified are in a Party's possession, custody, and control.

      b.    Information designated as "Confidential" may be disclosed only to the following persons:

      (1)    The following in-house counsel or other employees of a named party, who has executed an Acknowledgement attached hereto as Exhibit A:

      (a)    For Mylan:

Jill M. Ondos
Senior Vice President and
Global General Counsel - Litigation
Mylan
1500 Corporate Drive
Canonsburg, PA 15317

Joseph Divinagracia
Litigation Counsel
Mylan
1500 Corporate Drive
Canonsburg, PA 15317

Andrea Tiglio
Associate Litigation Counsel
Mylan
1500 Corporate Drive
Canonsburg, PA 15317

Jaime B. Lebo
Associate Litigation Counsel
Mylan
1500 Corporate Drive
Canonsburg, PA 15317

(b)     For Orexo:

Thomas Lundqvist
Executive Vice President & Head of Pharmaceutical
Research & Development
Orexo AB
P.O. Box 303
SE-751 05 Uppsala
Sweden

Susanne Bredenberg, PhD
Project Director
& Formulation Scientist
Orexo AB
P.O. Box 303
SE-751 05 Uppsala
Sweden

Christina Adde
Director Analytical Development
Orexo AB
P.O. Box 303
SE-751 05 Uppsala
Sweden

Stephen McNeeney
European Patent Attorney
Potter Clarkson LLP
Park View House
58 The Ropewalk
Nottingham, England
NG1 5DD

Stephen Smith
European Patent Attorney
Potter Clarkson LLP
Park View House
58 The Ropewalk
Nottingham, England
NG1 5DD

The parties may add persons to the list above by mutual agreement in writing by counsel.

8

(2)  U.S. outside counsel of record representing a named party who are not otherwise an employee of a party or subsidiary or affiliate of a party in this litigation, including all employees working under the supervision of such counsel;

(3)  court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

(4)  litigation support consultants engaged to provide services relating to demonstrative exhibits, graphics, charts, and/or animations;

(5)  an expert or consultant who (i) is retained by counsel for a party to assist in this litigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party, and (iii) such expert or consultant executes an Acknowledgement attached hereto as Exhibit A, subject to the disclosure restrictions set forth in Paragraph 8;

(6)  a person who prepared, received, or reviewed the "Confidential" information prior to its production in this litigation;

(7)  mock jurors engaged by any consultant in preparation for trial, provided they are not otherwise an employee of a party or subsidiary or affiliate of a party in this litigation and provided they execute an Acknowledgement attached hereto as Exhibit A;

(8)  any private mediators agreed to by the Parties utilized in this litigation, provided such person is not otherwise an employee of a party or subsidiary or affiliate of a party in this litigation and provided such person executes an Acknowledgement attached hereto as Exhibit A;

9

(9)     any other person agreed to by the parties to the above captioned case or allowed by the Court; and

(10)    the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

5.     "Highly Confidential" Material

a.     The designation "Highly Confidential" shall be limited to information that any Producing Party, including any third party, in good faith, believes to contain: highly sensitive financial, business, marketing, or sales information, including but not limited to, financial plans, marketing plans, business plans, competitive strategies, business relationships, future products, and customer information.

b.     Information designated as "Highly Confidential" may be disclosed only to the following persons:

(1)     The following counsel of a named party, who has executed an Acknowledgement attached hereto as Exhibit A, provided that any such employee does not have competitive decision making responsibility:

(a)     For Mylan:

Jill M. Ondos
Senior Vice President and
Global General Counsel - Litigation
Mylan
1500 Corporate Drive
Canonsburg, PA 15317

Joseph Divinagracia
Litigation Counsel
Mylan
1500 Corporate Drive
Canonsburg, PA 15317

Andrea Tiglio
Associate Litigation Counsel

Mylan
1500 Corporate Drive
Canonsburg, PA 15317

Jaime B. Lebo
Associate Litigation Counsel
Mylan
1500 Corporate Drive
Canonsburg, PA 15317

(b)     For Orexo:

Stephen McNeeney
European Patent Attorney
Potter Clarkson LLP
Park View House
58 The Ropewalk
Nottingham, England
NG1 5DD

Stephen Smith
European Patent Attorney
Potter Clarkson LLP
Park View House
58 The Ropewalk
Nottingham, England
NG1 5DD

The parties may add persons to the list above by mutual agreement in writing by counsel.

(2)     U.S. outside counsel of record representing a named party who are not otherwise an employee of a party or subsidiary or affiliate of a party in this litigation, including all employees working under the supervision of such counsel;

(3)     court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

(4)     litigation support consultants engaged to provide services relating to demonstrative exhibits, graphics, charts, and/or animations;

(5)     an expert or consultant who (i) is retained by counsel for a party to assist in this litigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party, and (iii) such expert or consultant executes an Acknowledgement attached hereto as Exhibit A, subject to the disclosure restrictions set forth in Paragraph 8;

(6)     a person who prepared, received, or reviewed the "Highly Confidential" information prior to its production in this litigation;

(7)     mock jurors engaged by any consultant in preparation for trial, provided they are not otherwise an employee of a party or subsidiary or affiliate of a party in this litigation and provided they execute an Acknowledgement attached hereto as Exhibit A;

(8)     any private mediators agreed to by the Parties utilized in this litigation, provided such person is not otherwise an employee of a party or subsidiary or affiliate of a party in this litigation and provided such person executes an Acknowledgement attached hereto as Exhibit A;

(9)     any other person agreed to by the parties to the above captioned case or allowed by the Court; and

(10)    the Court, the Court's staff, and any Special Masters and/or Mediators appointed by the Court, under seal.

6.      <u>Qualified Persons</u>  "Qualified Persons" shall refer to the persons designated under Paragraphs 4(b) and 5(b).

7.      <u>Restrictions Not Imposed By This Order</u>

a.      This Order shall not restrict any Producing Party's use, for any purpose, of its own Protected Material.

b.      This Order shall not restrict any counsel who is a Qualified Person from rendering advice to the party it represents in the above captioned case, and in the course thereof, from generally relying upon his or her examination of Protected Material.  In rendering such advice, the attorney shall not disclose directly or indirectly the specific content of any Protected Material where such disclosure would not otherwise be permitted under the terms of this Order.

8.      <u>Notification Of Intent To Disclose And Objections</u>

a.      Before Protected Material is disclosed to an expert or consultant under Paragraphs 4(b)(5) or 5(b)(5), the Receiving Party shall, at least ten (10) business days prior to such disclosure, notify the Producing Party in writing, of its intent to disclose Protected Material.  Such notification shall include the name, current address, employment affiliation (including job title, if any), and a current resume or curriculum vitae of the expert or consultant to whom such disclosure is proposed.

b.      The notification and signed acknowledgement shall be delivered by email with confirmation by overnight courier.

Notification to Orexo shall be delivered to:

Errol B. Taylor
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza New York, NY 10005
Email: Edluar@milbank.com

Notification to Mylan shall be delivered to:

Beth D. Jacob
Kelley Drye & Warren LLP
101 Park Avenue New York, NY 10178
Email: BJacob@KelleyDrye.com

c.      If a Producing Party receiving a notification of intent to disclose Protected

Material believes in good faith that such disclosure of Protected Material would be

injurious or prejudicial, it may object to the proposed disclosure by giving written notice

of such objection to the Receiving Party seeking to make the disclosure.  Such notice

shall include the basis for the objection and shall be delivered in accordance with

Paragraph 8.a within ten (10) business days of receipt of the notification of intent to

disclose to which objection is made.  If the Producing Party objects, the proposed

disclosure shall not take place until the objection is resolved by agreement of the

Producing Party or order of this Court.  Failure to object within the time period set forth

above shall be deemed a consent.  If the objection cannot be resolved, either party may

seek relief from the Court but the Producing Party shall have the burden of proof that the

intended disclosure should not occur.

9.      Examination Of Witnesses at Deposition  Protected Material may be disclosed to

a witness at a deposition (a) if the witness is an officer, director, or employee of the party who

produced such Protected Material or (b) if the witness was formerly an officer, director, or

employee of the party who produced such Protected Material, and the Protected Material existed

during the period of his or her service or employment.

10.     Inadvertent Production Of Privileged Or Protected Material

a.      If information subject to a claim of attorney-client privilege, attorney work

product immunity or any other legal privilege protecting information from discovery is

inadvertently produced, such production shall in no way prejudice or otherwise constitute

a waiver of, or estoppel as to, any claim of privilege, work product immunity or other

ground for withholding production to which the Producing Party or other person

otherwise would be entitled, provided that the Producing Party identifies in writing that

the inadvertently produced material is subject to a claim of immunity or privilege within ten (10) calendar days of discovery of the inadvertent production or within ten (10) calendar days of receiving notice from another party of potential inadvertent production. Upon a written claim of inadvertent production, the Receiving Party having custody of the inadvertently produced material shall return to the Producing Party or destroy that material and all copies or reproductions thereof of which that Receiving Party is aware in whatever form these materials exist, and that information may not be used for any purpose. Each Receiving Party shall give written notice of such destruction to Outside Counsel for the Producing Party. The Receiving Party may subsequently move the Court for an Order compelling production of the material, but such motion shall not disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials may be requested.

b. Inadvertent failure to designate any material which a Producing Party claims should be Protected Material will not be deemed a waiver of the right to make that designation. Upon receiving notice of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Produced Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Produced Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Parties shall return or certify the destruction of the undesignated Produced Material.

11. <u>Obligations of Outside Counsel</u>  It shall be the responsibility of Outside Counsel to ensure strict compliance with the provisions of this Discovery Confidentiality Order and to

take reasonable and proper steps to ensure that all provisions thereof are made known to any person who shall examine Protected Material.

12.     <u>Filing Designated Materials</u>  A party seeking to file any documents and/or things containing "Confidential" or "Highly Confidential" information shall file a motion to seal, or otherwise restrict public access to, those materials pursuant to Local Civil Rules 5.3(c) and 7.1.

a.      The burden of proving to the Court that such material designated as "Confidential" or "Highly Confidential" information should be sealed under Local Civil Rule 5.3 shall at all times remain with the party that initially produced the material and designated it as "Confidential" or "Highly Confidential" information; and

b.      If the party filing the material is not the designating party, the filing party nonetheless is obligated to make a reasonable effort when filing material designated as "Confidential" or "Highly Confidential" information to meet the provisions of Local Civil Rule 5.3 to protect the designating party's materials.  The designating party shall be responsible for filing supplemental motion papers pursuant to Local Civil Rule 5.3(c)(2).

13.     <u>Conclusion of the Action</u>  Within sixty (60) days after entry of a final judgment or dismissal with prejudice (including appeals or petitions for review) or the execution of a settlement agreement, finally disposing of all issues raised in the above captioned case, all Receiving Parties no longer in such case(s) shall:  (a) return all Protected Material and any copies thereof to the appropriate Outside Counsel who produced the Protected Material; or (b) destroy such Protected Material.  Each Receiving Party shall give written notice of such destruction to Outside Counsel for the Producing Party.  However, Outside Counsel who are trial counsel may retain one copy of all pleadings for archival purposes.  Further, all notes, summaries, or other documents prepared by Qualified Persons, derived from or containing Protected Material, shall

16

after the conclusion of the action, be kept within the files of Outside Counsel who are trial

counsel for the Receiving Party creating such work product, or be destroyed.

     14.   <u>Contested Designations</u>  A Receiving Party shall not be obligated to challenge the

propriety of a Producing Party's designations of any Protected Material at the time such

designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  If the

Receiving Party disagrees with the designation of any Protected Material, the Receiving Party

may, after holding a meeting with the Producing Party, make a request of the Court for an order

removing such Protected Material from the restrictions of this Discovery Confidentiality Order.

     15.   <u>Non-Waiver</u>  The production of Produced Material under the terms of this Order

in response to a request by an opposing party shall not be construed to mean that the Producing

Party has waived any objection to the production, relevancy or admissibility of said Produced

Material.  Nothing contained herein shall preclude any party from opposing any discovery on

any basis.  Further, nothing in this Order constitutes an admission by any party that any specific

item of Protected Material is a trade secret or otherwise confidential and proprietary to a party.

     16.   <u>Additional Parties</u>  If an additional party joins or is joined in the above captioned

case, the newly joined party shall not have access to Protected Material until all parties to the

above captioned case agree to a supplemental Discovery Confidentiality Order governing the

protection of Protected Material.

     17.   <u>Third Parties</u>  Any third party from whom discovery is sought in the above

captioned case may, in accordance with this Order, designate some or all of its production as

Protected Material, and each Receiving Party will have the same rights, obligations and

restrictions which that Receiving Party has with respect to the Protected Material of any other

Producing Party.

17

18.     <u>Attendance At Proceedings</u>  If a deposition concerns Protected Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with Paragraph 4 or 5 hereof to have access to such material.  All persons not authorized in accordance with Paragraph 4 or 5 hereof for access to Protected Material may be excluded from the trial and any hearings and conferences in these actions.

19.     <u>Unauthorized Disclosure</u>  In the event of disclosure of any Protected Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform Outside Counsel for the party whose Protected Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made.  Each party shall cooperate in good faith in that effort.

20.     <u>Termination Of Access</u>

a.     In the event that any person or party ceases to be engaged in the conduct of these actions, such person's or party's access to Protected Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 13 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of these actions.

b.     The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Protected Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

21.   <u>Production Prior To This Order</u>  Documents or things produced in these actions prior to entry of this Order and subject to confidentiality restrictions shall be redesignated by each Producing Party within 60 days of the entry of this Order in accordance with paragraph 2 hereof, to the extent not already appropriately designated "Confidential" or "Highly Confidential."  Until such time as the documents and things are redesignated (pursuant to this paragraph or otherwise), all documents or things produced prior to the date of this Order will be deemed "Confidential" under the terms of this Order.

22.   <u>Modification</u>  Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

**SO ORDERED** this ___ day of _____, 2012,

_____
**THE HONORABLE LOIS H. GOODMAN**
**UNITED STATES MAGISTRATE JUDGE**

We hereby request and consent to the entry of the foregoing Discovery Confidentiality Order.

<u>/s/ John E. Flaherty</u>
John E. Flaherty
Jonathan M. H. Short
**McCARTER & ENGLISH**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
(973) 622-4444

/s/Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
**SAIBER LLC**
One Gateway Center, 10th Floor
Newark, NJ 07102-5311
Telephone: (973) 622-3333
Facsimile: (973) 286-2465

Errol B. Taylor
Fredrick M. Zullow
William J. McNamara
**MILBANK, TWEED, HADLEY &
McCLOY LLP**
1 Chase Manhattan Plaza
New York, New York  10005-1413
Telephone:  (212) 530-5000
Facsimile:  (212) 822-5137

*Attorneys for Plaintiff
Orexo AB*

Douglass C. Hochstetler
(DHochstetler@KelleyDrye.com)
**KELLEY DRYE & WARREN LLP**
333 West Wacker Drive
26th Floor
Chicago, IL 60606
312-857-7070
312-857-7096 (facsimile)

Beth D. Jacob (BJacob@KelleyDrye.com)
Clifford Katz (CKatz@KelleyDrye.com)
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, NY 10178
212-808-7800
212-808-7897 (facsimile)

*Attorneys for Defendants/Counterclaim Plaintiffs
Mylan Pharmaceuticals Inc. and
Mylan Inc.*

ME1 13143860v.1

# EXHIBIT A

ME1 13143860v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

----------------------------------------------------------------X
                                                        :
OREXO AB,                                               :      Civil Action No. 11-cv-03788
                                                        :      (FLW)(LHG)
                        Plaintiff,                      :
            v.                                          :      District Judge Freda L. Wolfson
                                                        :      Magistrate Judge Lois H. Goodman
MYLAN PHARMACEUTICALS INC. and                          :
MYLAN INC.,                                             :      ACKNOWLEDGEMENT TO
                                                        :      ABIDE BY THE DISCOVERY
                        Defendants.                     :      CONFIDENTIALITY ORDER
----------------------------------------------------------------X

I, _____, declare that:

1.      I have read the foregoing Discovery Confidentiality Order entered as an Order of the

United States District Court for the District of New Jersey, in the action entitled *Orexo AB v. Mylan*

*Pharmaceuticals Inc. and Mylan Inc.*, Civil Action No. 11-CV-03788 (FLW)(LHG).

2.      I understand and agree to be bound by the terms of this Discovery Confidentiality

Order.

3.      I will hold in confidence and will not disclose to anyone who is not a Qualified

Person under the Discovery Confidentiality Order and will use only for purposes of this litigation,

any Protected Material disclosed to me.

4.      I will return all Protected Material that comes into my possession, and documents or

things that I have prepared relating thereto, to counsel for the party by whom I am employed or

retained when requested to do so by that counsel.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this

Discovery Confidentiality Order.

_____
(Signature)

_____
(Printed Name)

_____
(Date)