## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OREXO AB, <br> Plaintiff, <br> v. <br> MYLAN PHARMACEUTICALS INC. and, MYLAN INC, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Honorable Freda L. Wolfson, U.S.D.J. <br> Honorable Lois H. Goodman, U.S.M.J. <br><br> Civil Action No. 3:11-cv-03788 (FLW)(LHG) |

## DECLARATION IN SUPPORT OF DISCOVERY CONFIDENTIALITY ORDER

I, Joseph Divinagracia, do declare and state as follows:

1. I am employed by Mylan Inc. as Litigation Counsel. I submit this Declaration in support of the entry of a Discovery Confidentiality Order in this action on behalf of Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively, "Mylan").

2. I have personal knowledge of the facts set forth in this Declaration or believe such facts to be true based upon information provided by knowledgeable persons who work with me at Mylan and/or upon review of records kept in the ordinary course of business.

3. This case concerns a patent dispute between Mylan and Orexo AB ("Orexo") arising under the Hatch-Waxman Act. Mylan filed Abbreviated New Drug Application ("ANDA") No. 20-2657 seeking approval from the United States Food and Drug Administration to commercially market a generic zolpidem tartrate sublingual product.

4. Mylan has spent substantial amounts of time and money developing and maintaining trade secrets, as well as internal financial, technical, research, development, and proprietary commercial information.

5.Mylan's trade secrets and its internal financial, technical, research, development, and proprietary commercial information are confidential or highly confidential. Examples of such information include information relating to Mylan's pharmaceutical products, formulations and the development of such formulations, Mylan's corporate operations, corporate planning and structure, business development, and the sales, marketing and promotion of Mylan's services and products. All such information is maintained as such by Mylan.

6.During the course of this litigation, Mylan may disclose or produce information or documents concerning its trade secrets and/or its internal financial, technical, research, development, or other sensitive and proprietary commercial information. For example, discovery in this case will include the parties' development and formulation of the products at issue.

7.If any of Mylan's trade secrets or its internal financial, technical, research, development, and/or sensitive and proprietary commercial information becomes available to the public, Mylan would suffer serious commercial injury.

8.In addition to the serious commercial injury to Mylan that would be occasioned by an unprotected public disclosure of its confidential or highly confidential proprietary commercial information, such disclosure also would pose a substantial risk of harm to Mylan's competitive positions. The pharmaceutical industry is highly competitive, and disclosure of such information could adversely affect and seriously damage Mylan's competitive position in the marketplace.

9.  Accordingly, it is respectfully requested that the Court enter the Discovery Confidentiality Order submitted by the parties.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 8, 2012.

_____
Joseph Divinagracia