UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OREXO AB,**<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**MYLAN PHARMACEUTICALS, INC., et al.,**<br><br>　　　　　Defendants. | Civil Action No. 11-3788 (FLW)<br><br><br>**ORDER FOR PRO HAC VICE ADMISSION OF**<br>**DOUGLASS C. HOCHSTETLER, ESQ.** |

　　　　This matter having been brought before the Court by Arnold B. Calmann, Esq., of Saiber, LLC, attorneys for Defendants, Mylan Pharmaceuticals, Inc., and Mylan Inc., on an application to allow Douglass C. Hochstetler, Esq., of Kelley Drye LLP to appear and participate pro hac vice [Docket Entry No. 43]; and the Court having considered the papers; and the Court having noted that Plaintiff consents to this application; and this matter being considered pursuant to Fed. R. Civ. P. 78, and for good cause shown;

　　　　**IT IS** on this 28th day of March, 2012,

　　　　**ORDERED** that Defendants' application be and it hereby is **GRANTED**; and it is further

　　　　**ORDERED** that Douglass C. Hochstetler, Esq., a member in good standing of the Bar of the State of Illinois, the State of Pennsylvania, the United States District Court for the Norther District of Illinois, the United States Court of Appeals for the Seventh Circuit, the United States Court of Appeals for the Federal Circuit, the United States Supreme Court, and the United States Patent and

Trademark Office, be permitted to appear pro hac vice in the above-captioned matter pursuant to L. Civ. R. 101.1(c); and it is further

**ORDERED** that all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of Saiber, LLC, attorneys of record for Defendants, who is admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby; and it is further

**ORDERED** that Douglass C. Hochstetler, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with L. Civ. R. 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order; and it is further

**ORDERED** that Douglass C. Hochstetler, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L. Civ. R. 101.1(c)(3), within twenty (20) days from the date of the entry of this Order; and it is further

**ORDERED** that Douglass C. Hochstetler, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L. Civ. R. 103.1, Judicial Ethics and Professional Responsibility, and L. Civ. R. 104.1, Discipline of Attorneys; and it is further

**ORDERED** that Douglass C. Hochstetler, Esq., shall notify this Court immediately of any disciplinary charges brought against him in the Bar of any other court; and it is further

**ORDERED** that Douglass C. Hochstetler, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is further

**ORDERED** that Saiber, LLC, may file a request, the form of which is available at the Court's website, with the Clerk of the Court for pro hac vice counsel to receive electronic notifications in this matter.

**LOIS H. GOODMAN**
**United States Magistrate Judge**