John E. Flaherty
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Errol B. Taylor
Fredrick M. Zullow
William J. McNamara
MILBANK, TWEED, HADLEY &
   & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

*Attorneys for Plaintiff Orexo AB*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OREXO AB, | : | Honorable Freda L. Wolfson, U.S.D.J. |
| Plaintiff, | : | Honorable Lois H. Goodman, U.S.M.J. |
| | : | |
| v. | : | Civil Action No. 3:11-cv-03788 (FLW)(LHG) |
| | : | |
| MYLAN PHARMACEUTICALS INC. and MYLAN INC., | : | |
| | : | |
| Defendants. | : | |

**OREXO AB'S MEMORANDUM IN OPPOSITION TO
MYLAN PHARMACEUTICALS INC. AND MYLAN INC.'S
MOTION TO SEAL PORTIONS OF THE JOINT CLAIM CONSTRUCTION
AND PREHEARING STATEMENT AND EXHIBITS THERETO**

i

# TABLE OF CONTENTS

Page(s)

I. FACTS ................................................................................................................................ 1

II. LEGAL STANDARD.......................................................................................................... 2

III. ARGUMENT....................................................................................................................... 2

    A. Mylan's attempt to seal Mylan's Portions of the Joint Statement is Improperly Broad................................................................................................ 2

    B. Orexo's Portions of the Joint Statement do not include Confidential Information ............................................................................................................. 3

IV. CONCLUSION.................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Cendant Corp.*,
 260 F.3d 183 (3d Cir. 2001) ......................................................................................................2

**RULES**

Fed. R. Civ. P. 26(c) ......................................................................................................................2

N.J. Loc. Civ. R. 5.3(c)(2) .............................................................................................................2

N.J. Loc. Civ. R. 5.3(c)(2)(a) .........................................................................................................3

N.J. L. Pat. R. 4.2(a)-(c) .................................................................................................................1

N.J. L. Pat. R. 4.2(d) ......................................................................................................................1

Plaintiff Orexo AB opposes Defendants Mylan's motion to seal non-confidential information in the Joint Claim Construction Statement and exhibits thereto. Mylan seeks to seal proposed constructions and support in the Joint Statement that were previously exchanged without a confidential designation. Furthermore, Orexo opposes Mylan's wholesale designation of almost all claim constructions as confidential, and opposes Mylan's attempts to seal any portions of Orexo's claim constructions and support, which are not based on confidential information. Finally, Orexo does not agree that Mylan's proposed constructions and citations to publicly available evidence should be considered confidential.

**I.      FACTS**

Mylan's motion seeks to designate certain portions of the Joint Claim Construction Statement and exhibits as Mylan Confidential Information. These portions include both Orexo's and Mylan's proposed claim constructions; citations to the '910 Patent's claims, specification, and file history in support of those claim constructions; publicly-available extrinsic evidence; and Attorney argument related to Mylan's belated changes to its claim constructions and support.

Mylan, however, did not designate these portions as confidential when it exchanged its Preliminary or Responsive Claim Construction Charts pursuant to N.J. L. Pat. R. 4.2(a)-(c), when the parties conferred pursuant to N.J. L. Pat. R. 4.2(d); or when the parties exchanged Draft Joint Claim Construction Statements.[1] Counsel for Orexo has relied on Mylan's previous disclosures as non-confidential and disclosed Mylan's proposed constructions and support to Orexo.

---

[1] In its Draft Joint Claim Construction Statement, Mylan indicated that two direct references to Mylan's ANDA product were confidential, but failed to identify any other portion as confidential. These two references were subsequently removed before the Joint Statement was submitted to the Court.

1

## II. LEGAL STANDARD

Mylan, as the party seeking to seal portions of the Joint Claim Construction Statement must show (1) "that the material is the kind of information that courts will protect"; and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." *See In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (holding that the district court abused its discretion by issuing confidentiality order sealing documents) (internal citations and quotations omitted).

A party may properly shield its confidential or proprietary information from public view under certain, limited circumstances. *See* Fed. R. Civ. P. 26(c). Mylan must show (a) the nature of the materials are of the type that should be protected, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. N.J. Loc. Civ. R. 5.3(c)(2); *see also* Orexo v. Mylan Discovery Confidentiality Order of March 26, 2012, at ¶ 12 (confirming burden in motion to seal remains on party claiming confidentiality).

## III. ARGUMENT

### A. Mylan's attempt to seal Mylan's Portions of the Joint Statement is Improperly Broad

Prior to this motion and despite being the subject of the parties' exchanges under L. Pat. R. 4.2 and 4.3, Mylan did not designate its (or Orexo's) proposed constructions or its (or Orexo's) evidentiary support as "Confidential." Counsel for Orexo has relied on this previous decision to not designate and disclosed Mylan's claim construction positions with Orexo while discussing its own positions. Mylan should not be permitted to seal almost all of the proposed

constructions on both sides and large portions of the support without meeting its burdens under the rules to specifically identify the confidential information and Mylan's need to seal.

Mylan does not meet its burden of demonstrating need. Orexo does not dispute that portions of Mylan's ANDA are confidential. But, Mylan only broadly alleges that Mylan's and Orexo's claim constructions and supporting evidence include information from the ANDA. And, a review of the statements Mylan seeks to seal reveals that there are no cites to the ANDA. Simply put, Mylan fails to connect the dots, by failing to identify the nature of the confidential material *included in the Joint Statement*, *see* N.J. L. Civ. R. 5.3(c)(2)(a). Mylan's support is insufficient to justify restricting public access to the parties' proposed claim constructions; citations to the '910 Patent's claims, specification, and file history in support of those claim constructions; publicly-available extrinsic evidence; and Attorney argument related to Mylan's belated changes to its claim constructions and support. Orexo does not agree that Mylan's proposed constructions nor citations to publicly available evidence should be considered confidential.

If there are specific portions of Mylan's sections of the Joint Statement or support that Mylan believes contains confidential information, it should identify these sections to this Court and to Orexo so that the Parties can further consider.

      **B.**    **Orexo's Portions of the Joint Statement do not include Confidential Information**

This Court should not seal Orexo's portions of the Joint Claim Construction Statement. Orexo's constructions are properly based on the patent at issue's claims and specification and publicly available articles and references. Orexo has not relied on Mylan's product in its claims constructions or supporting evidence. Granting Mylan's motion with respect to Orexo's proposed constructions and support will remove them from discussion with anyone at Orexo

3

except those individuals identified under the protective order. This restriction will hinder Orexo's ability to participate in the Claim Construction process.

Mylan's motion to seal on the other hand is an admission that Mylan crafted its proposed constructions around its ANDA product – a legally impermissible approach. While that admission demonstrates that Mylan's claim constructions are fatally flawed, – a point that will be raised in Claim Construction submissions – it does not provide a basis for sealing Mylan's proposed claim constructions which should be publicly available.

## IV. CONCLUSION

For the reasons set forth above, Mylan's Motion to Seal should be denied.

Respectfully submitted,

Dated: July 23, 2012  By:  s/ John E. Flaherty
John E. Flaherty
McCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Errol B. Taylor
Fredrick M. Zullow
William J. McNamara
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of OREXO AB'S MEMORANDUM IN OPPOSITION TO MYLAN PHARMACEUTICALS INC. AND MYLAN INC.'S MOTION TO SEAL PORTIONS OF THE JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT AND EXHIBITS THERETO were caused to be served on July 23, 2012, upon the following via e-mail and/or the CM-ECF system:

>Arnold B. Calmann (abc@saiber.com)
>Jeffrey Soos (js@saiber.com)
>Katherine A. Escanlar (kae@saiber.com)
>SAIBER LLC
>One Gateway Center, 10th Floor
>Newark, New Jersey 07102-5311
>973-622-3333
>
>Douglass C. Hochstetler (DHochstetler@KelleyDrye.com)
>Constantine Koutsoubas (CKoutsoubas@KelleyDrye.com)
>KELLEY DRYE &WARREN LLP
>333 West Wacker Drive
>Chicago, IL 60606
>312-867-7070
>
>Beth D. Jacob (BJacob@KelleyDrye.com)
>Clifford Katz (CKatz@KelleyDrye.com)
>Sung Kim (SuKim@KelleyDrye.com)
>KELLEY DRYE &WARREN LLP
>101 Park Avenue
>New York, NY 10178
>212-808-7800

s/John E. Flaherty
John E. Flaherty

5