John E. Flaherty
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Errol B. Taylor
Fredrick M. Zullow
Anna Brook
**MILBANK, TWEED, HADLEY
  & MCCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

*Attorneys for Plaintiff Orexo AB*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| OREXO AB, | : | Honorable Freda L. Wolfson, U.S.D.J. |
| Plaintiff, | : | Honorable Lois H. Goodman, U.S.M.J. |
| | : | |
| v. | : | Civil Action No. 3:11-cv-03788 (FLW)(LHG) |
| | : | |
| MYLAN PHARMACEUTICALS INC. and | : | **MEMORANDUM IN SUPPORT OF** |
| MYLAN INC., | : | **PLAINTIFF'S MOTION TO SEAL** |
| | : | |
| Defendants. | : | **Motion Day: May 20, 2013** |
| | : | |

i

## **TABLE OF CONTENTS**

                                              **Page**

INTRODUCTION ..................................................................................................1

LEGAL ARGUMENT...........................................................................................2

      LEGAL STANDARDS APPLICABLE TO THIS MOTION....................................2

      REQUEST TO SEAL...................................................................................4

CONCLUSION......................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Faulman v. Sec. Mut. Fin.*, No. 04-5083,
  2006 WL 1541059 (D.N.J. June 2, 2006) ................................................................................3

*Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch.1945) ............................................................2

*In re Cendant Corp.*, 260 F.3d 183 (3d Cir. 2001) ......................................................................2,3

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
  998 F.2d 157 (3d Cir. 1993)..................................................................................................2,3

*Littlejohn v. BIC Corp.*, 851 F.2d 673 (3d Cir. 1988)......................................................................3

*Mars, Inc. v. JCM Am. Corp.*,
  No. 05-3165, 2007 WL 496816 (D.N.J. Feb. 13, 2007) ............................................................3

*Miller v. Indiana Hosp.*, 16 F.3d 549 (3d Cir. 1993) ......................................................................3

*Nixon v. Warner Communications*, 435 U.S. 589 (1978) ..............................................................2

*Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984).................................................3

*Republic of Philippines v. Westinghouse Elec. Corp.*,
  949 F.2d 653 (3d Cir. N.J. 1991) ..............................................................................................3

*Schmedding v. May*, 85 Mich. 1, 5-6, McGrath 1615, 48 N.W. 201 (1891)....................................2

*Zenith Radio Corp. v. Matsushita Electric Industrial Co.*,
  529 F. Supp. 866 (E.D. Pa. 1981) .............................................................................................3

**OTHER AUTHORITIES**

Local Civil Rule 5.3............................................................................................................. *in passim*

Fed. R. Civ. P. 26................................................................................................................................3

# INTRODUCTION

Plaintiff Orexo AB ("Plaintiff") submits this Memorandum in support of its Motion pursuant to Local Rule 5.3(c) to seal the Memorandum of Law in Support of Plaintiff Orexo AB's Motion for the Issuance of a Letter of Request to the Central Authority of India for Testimony from Subash Chandra Mohanta and P. Murali Krishna, and Exhibits A, C, D, E, and F, which were electronically filed on April 23, 2013 [D.I. 123] (together, the "Subject Material").

This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret, or proprietary information. The parties to this case have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests. To protect the confidentiality of this information, the parties agreed to a Stipulated Discovery Confidentiality Order, entered in this litigation on March 26, 2012 (D.E. 47, the "Order"). The Order allows the parties and third parties to designate information as "Confidential" or "Highly Confidential", and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 12).

The Subject Material contains information designated by Defendants Mylan Pharmaceuticals Inc.'s and Mylan Inc.'s ("Defendants") as "Confidential" under the Order and therefore within the meaning of Local Rule 5.3(c). Accordingly, Plaintiff respectfully requests that the Court seal the Subject Material.

**LEGAL ARGUMENT**

**I.     LEGAL STANDARDS APPLICABLE TO THIS MOTION**

"[E]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5-6, McGrath 1615, 48 N.W. 201 (1891) and *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J. Ch. 1945) (courts deny access to filed documents where they may be used as sources of business information that might harm a litigant's competitive standing))).

Local Civil Rule 5.3 contains a presumption, based on First Amendment considerations and the common law right of access to judicial records, that materials filed with the Court and judicial proceedings are open to the public. *See Nixon*, 435 U.S. 589; *but see In re Cendant Corp.*, 260 F.3d 183, 198 n.13 (3d Cir. 2001) (noting that parameters of First Amendment right of access are as of yet undefined). However, "the right to inspect and copy judicial records is not absolute" and must be weighed against the litigants' interests in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Nixon*, 435 U.S. at 598; *In re Cendant Corp.*, 260 F.3d 194 (3d Cir. 2001).

The presumption of access is subject to a balancing of factors that militate against access, *e.g.*, the interest in secrecy. *See Leucadia*, 998 F.2d at 166. It is the burden of the party seeking to overcome the presumption of access to demonstrate the need to keep the materials under seal. Local Civil Rule 5.3(c) requires a showing of:

        (a)     the nature of the materials or proceedings at issue;

        (b)     the legitimate private or public interest which warrants the relief sought;

2

      (c)      the clearly defined and serious injury that would result if the relief sought is not granted; and

      (d)      why a less restrictive alternative to the relief sought is not available.

Where the party seeking to seal a pleading meets the "burden of showing that the material is the kind of information that the Court will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure," then it is appropriate to seal the records. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1993)). A well-settled exception to the right of access is the "protection of a party's interest in confidential commercial information . . . where there is a sufficient threat of irreparable harm." *See Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1070–71 (3d Cir. 1984). The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure. *Leucadia*, 998 F.2d at 165-66; *see also Publicker*, 733 F.2d at 1073 ("An interest in safeguarding a trade secret may overcome a presumption of openness.") (citing *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981)). The Third Circuit has expressly recognized that "courts may deny access to judicial records where they are sources of business information that might harm a litigant's competitive standing." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. N.J. 1991) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). Moreover, "Courts generally protect materials containing 'trade secret[s] or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007) (quoting Fed. R. Civ. P. 26(c)(7) (currently at Fed. R. Civ. P. 26(c)(1)(G)) and citing *Faulman v. Sec. Mut. Fin.*, No. 04-5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006)).

3

## II.     REQUEST TO SEAL

Plaintiff submitted the Subject Material to the Court under seal in accordance with the provisions of Local Rule 5.3(c).  The Subject Material contains information relating to Defendants' ANDA product and/or proprietary business information that Defendants have designated as "Confidential" pursuant to the Order.  By making such a designation, Defendants have manifested their belief that the public disclosure of this information could adversely affect their legitimate business interests.  Without conceding that the information found in the Subject Material warrants such a designation, Plaintiff attempts to honor this designation by filing the Subject Material under seal pursuant to Local Rule 5.3.

A clearly defined and serious injury will result to the Defendants if the Court does not seal the Subject Material.  Without a sealing order, Defendants may suffer both competitive injury and unwarranted effects from disclosure of information designated as "Confidential." Public access to such confidential information may disclose portions of Defendants' business and commercial information and strategies, the confidentiality of which is incalculably valuable to Defendants.

Furthermore, absent an order by the Court sealing the Subject Material, Plaintiff cannot file this confidential information in support of its Memorandum of Law for the Issuance of a Letter of Request.  The omission of this confidential information from its Memorandum would significantly limit Plaintiff's ability to adequately advocate for its position.

Finally, no less restrictive alternative to sealing the Subject Material is available to Plaintiff because, as described above, the information contained therein has been designated by Defendants as "Confidential" pursuant to the Order and Plaintiff's request is tailored to seal only

the portions of the Memorandum that are confidential. Under these circumstances, the Subject Material should be sealed.

## CONCLUSION

Plaintiff has met its burden under Local Civil Rule 5.3. For the foregoing reasons and in order to protect Defendants' confidential information, Plaintiff respectfully request that the Court recognize that there is no other remedy available but to seal the Subject Material. Accordingly, Plaintiff requests that the Court grant its Motion to Seal the Subject Material.

Respectfully submitted,

Dated: April 25, 2013         By: *s/John E. Flaherty*
John E. Flaherty
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Errol B. Taylor
Fredrick M. Zullow
Anna Brook
**MILBANK, TWEED, HADLEY
 & McCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

5