UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OREXO AB,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MYLAN PHARMACEUTICALS INC. and MYLAN INC.,<br><br>　　　　　　　　Defendants. | Honorable Freda L. Wolfson, U.S.D.J.<br>Honorable Lois H. Goodman, U.S.M.J.<br><br>Civil Action No. 3:11-cv-03788 (FLW)(LHG) |

**DECLARATION OF SUNILA SREEPADA**

Sunila Sreepada, of full age, hereby certifies as follows:

1.　I am associated with the law firm of Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, counsel for Plaintiff Orexo AB ("Plaintiff") in connection with the present action.

2.　I make this Declaration on my personal knowledge in support of Plaintiff's motion filed pursuant to Local Civil Rule 5.3 to seal the Memorandum of Law in Support of Plaintiff Orexo AB's Motion for the Issuance of a Letter of Request to the Central Authority of India for Testimony from Subash Chandra Mohanta and P. Murali Krishna, and Exhibits A, C, D, E, and F, which were electronically filed on April 23, 2013 [D.I. 123] (together, the "Subject Material").

3.　To protect the confidentiality of the Subject Material, and in accordance with Paragraphs 2 and 12 of the parties' Stipulated Discovery Confidentiality Order entered in this action on March 26, 2012 (D.I. 47, the "Order"), Plaintiff files this motion.

4.　The Subject Material contains information relating to Defendants Mylan Pharmaceuticals Inc.'s and Mylan Inc.'s ("Defendants") ANDA product and/or proprietary

business information that Defendants have designated as "Confidential" pursuant to the Order. By making such a designation, Defendants have manifested their belief that the public disclosure of this information could adversely affect their legitimate business interests. Without conceding that the information found in the Subject Material warrants such a designation, Plaintiff attempts to honor this designation by filing the Subject Material under seal pursuant to Local Rule 5.3.

5. Plaintiff has a legitimate interest that warrants an order permitting it to file the Subject Material under seal because Defendants have represented that the information contained therein is "Confidential." Absent such an order, Plaintiff cannot file the confidential information in support of its Memorandum of Law for the Issuance of a Letter of Request. The omission of this confidential information from Plaintiff's Memorandum would significantly limit its ability to adequately advocate for its position.

6. No less restrictive alternative exists than filing the Subject Material under seal, as the Subject Material comprises or discloses Defendants' confidential proprietary information.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: April 25, 2013

Sunila Sreepada