John E. Flaherty
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Errol B. Taylor
Fredrick M. Zullow
Anna Brook
Sunila Sreepada
MILBANK, TWEED, HADLEY
& McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

*Attorneys for Plaintiff Orexo AB*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OREXO AB, | : | Honorable Freda L. Wolfson, U.S.D.J. |
| Plaintiff, | : | Honorable Lois H. Goodman, U.S.M.J. |
| v. | : | Civil Action No. 3:11-cv-3788 (FLW)(LHG) |
| MYLAN PHARMACEUTICALS INC. and MYLAN INC., | : | **Motion Day: May 20, 2013** |
| Defendants. | : | **CONFIDENTIAL – FILED UNDER SEAL** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF OREXO AB'S MOTION
FOR THE ISSUANCE OF A LETTER OF REQUEST
TO THE CENTRAL AUTHORITY OF INDIA FOR TESTIMONY FROM
<u>SUBASH CHANDRA MOHANTA AND P. MURALI KRISHNA</u>**

## TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................... **4**

**FACTS** ................................................................................................................................. **5**

**LEGAL STANDARD** ........................................................................................................ **7**

I.      Orexo Satisfies the Low Burden Necessary to Obtain a Letters Rogatory Executed by This Court. ................................................................................................................. 8

II.     The Issuance of a Letters Rogatory Is Necessary Because the Former Employees Have Direct Knowledge of Facts Relevant to the Infringement Claims in this Case. ................ 11

**CONCLUSION** ................................................................................................................ **11**

## TABLE OF AUTHORITIES

### Cases

*Bigio v. Coca-Cola Co.*,
  448 F.3d 176 (2d Cir. 2006) ............................................................................................... 7

*DBMS Consultants Ltd. v. Computer Assocs. Int'l., Inc.*,
  131 F.R.D. 367 (D. Mass. 1990) ........................................................................................ 9

*Elliot Assoc. v. Peru*,
  No. 96 Civ. 7917 (RWS), 1997 WL 436493 (S.D.N.Y. Aug. 1, 1997) ..................................... 7

*Luzzi v. ATP Tour, Inc.*,
  No. 09-CV-1155, 2010 WL 746493 (MCR) (M.D. Fla. March 2, 2010) ................................. 8

*Metso Minerals Inc. v. Powerscreen Int'l Distrib. Ltd.*,
  No. 06-CV-1446 (ADS) (ETB), 2007 WL 1875560 (E.D.N.Y. June 25, 2007) .................... 7, 8

*Netherby Ltd. v. Jones Apparel Group, Inc.*,
  No. 04 Civ. 7028, 2005 WL 1214345 (S.D.N.Y. May 18, 2005) ............................................. 9

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*,
  482 U.S. 522 (1987) ........................................................................................................... 7

### Statutes

28 U.S.C. § 1781(b)(2) ............................................................................................................ 7

### Other Authorities

6 James Wm. Moore, *Moore's Fed. Prac.* § 28.12[8] (2002) .................................................... 9

### Rules

Fed. R. Civ. P. 26(b)(1) ........................................................................................................... 9

Fed. R. Civ. P. 28(b) ................................................................................................................ 7

Fed. R. Civ. P. 28(b)(1)(B) ....................................................................................................... 7

Fed. R. Civ. P. 28(b)(2)(B) ..................................................................................................... 10

# INTRODUCTION

Plaintiff Orexo AB (Orexo) respectfully submits this memorandum of law in support of its motion for the issuance of a Letters Rogatory to the Central Authority of India pursuant to Rule 28(b)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1781(b), and this Court's Local Civil Rule 28.1.  *See* Ex. A (Letters Rogatory) & Ex. B (Proposed Order granting Motion for Letters Rogatory).  Orexo seeks this Letters Rogatory to compel the attendance at a deposition on oral questions of non-party witnesses Subash Chandra Mohanta and P. Murali Krishna, both residents of India.  The Letters Rogatory is necessary and appropriate for Orexo to obtain evidence relevant to Orexo's claims of infringement—evidence that may not be obtained from other sources.

[redacted]

A Letters Rogatory is the only appropriate tool to obtain deposition testimony from Misters Mohanta and Krishna, neither of whom has indicated that he will voluntarily appear to be deposed in the United States or elsewhere. The Court "ordered that Mylan provide information and assistance to the extent practicable to secure the deposition testimony" of these former employees. April 17, 2013 Order re: New York Deposition. Orexo, however, does not yet know what Mylan will do to address the Order or if Mylan will be successful. Orexo cannot delay invoking the Hague Convention procedures because it is uncertain whether Mr. Mohanta or Mr. Krishna will appear.

Mr. Mohanta and Mr. Krishna, former Mylan employees, are non-party witnesses in this litigation. As residents of India, they are outside this Court's jurisdiction to compel their appearance at a deposition. The appearances of these witnesses at oral depositions can only be obtained by this Court issuing a Letters Rogatory to the Central Authority of India. In the interest of justice and for the due determination of the matters in dispute between the parties, Orexo submits its request for the issuance of a Letters Rogatory to the Central Authority of India for oral deposition of the former employees.

## FACTS

The patent-in-suit, Unites States Patent No. 6,761,910 (the "'910 patent"), owned by Orexo, relates to pharmaceutical compositions for treating acute disorders and a method for treating acute disorders. The '910 patent is a platform patent that covers Orexo's product Edluar®, a sublingual tablet for the treatment of insomnia, in addition to other Orexo products.

Edluar® comprises an active ingredient called zolpidem tartrate—the same active ingredient in Mylan's ANDA Products.  As this Court is aware, Orexo and Mylan dispute whether Mylan's ANDA Products infringe the '910 patent.  Mylan's non-infringement theory is based on the formulation of Mylan's ANDA Products, the process used to manufacture the product, and the characterization of the ingredients of the product.

[redacted]

As former employees of Mylan and residents of India, however, Misters Mohanta and Krishna have not been made available to be deposed either in the United States or elsewhere.

**LEGAL STANDARD**

This Court has authority to issue Letters Rogatory to the Central Authority of India to take testimony from non-parties residing in India pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781(b).

India is a signatory to the Hague Convention of 18 March 1970 on the Taking of Evidence in Civil or Commercial Matters (the "Hague Convention"), 23 U.S.T. 2555, T.I.A.S. No. 7444 (reprinted at 28 U.S.C. § 1781). *See* Ex. G (Hague Convention Status Table, *available at* http://www.hcch.net/index_en.php (follow "Evidence Section" hyperlink; then follow "Updated list of Contracting States" hyperlink)). The Hague Convention provides that discovery of residents to Convention signatories may be taken pursuant to a Letter of Request. *See* Hague Convention, art. 1. Specifically, the Hague Convention permits discovery from foreign non-party witnesses. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 541 (1987).

This Court has authority to issue letters of request, or letters rogatory, for the deposition of a person in a foreign country. *See* Fed. R. Civ. P. 28(b); 28 U.S.C. § 1781(b)(2) (authorizing "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal"); *see also Astrazeneca v. Ranbaxy Pharm., Inc.*, Civ. No. 05-5553, 2008 WL 314627, at *5-6 (D.N.J. Jan. 29, 2008) (granting motion for letters rogatory to take deposition testimony of three former employees of Plaintiffs in Sweden pursuant to the Hague Convention). Specifically, Rule 28 provides that "[a] deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory.'" Fed. R. Civ. P. 28(b)(1)(B); *see also Bigio v. Coca-Cola Co.*, 448 F.3d 176, 179-80 (2d Cir. 2006) ("[T]o the extent there are witnesses abroad who are beyond the court's subpoena power, their

7

testimony can be provided by depositions taken pursuant to letters rogatory.").

Accordingly, courts routinely issue letters rogatory to obtain deposition testimony from witnesses located in countries that are signatories to the Hague Convention. *See, e.g.*, *Astrazeneca*, 2008 WL 314627, at *5-6; *see also Metso Minerals Inc. v. Powerscreen Int'l Distrib. Ltd.*, No. 06-CV-1446 (ADS) (ETB), 2007 WL 1875560, at *3 (E.D.N.Y. June 25, 2007) (issuing letter of request for testimony of a witness in the United Kingdom under the Hague Convention); *Luzzi v. ATP Tour, Inc.*, No. 09-CV-1155, 2010 WL 746493 (MCR), at *1 (M.D. Fla. March 2, 2010) (issuing letter of request for testimony of non-party witnesses in the Belgium, the United Kingdom, and Switzerland under the Hague Convention).

## ARGUMENT

Orexo's request for this Court's issuance of the attached Letters Rogatory, Ex. A, should be granted because Misters Mohanta and Krishna—Mylan's former employees—have relevant information relating to the infringement issues in this litigation. Because these witnesses live in India, they are outside the jurisdiction of any United States court. Accordingly, Orexo respectfully requests that this Court issue a Letters Rogatory to the Central Authority of India for the deposition of Misters Mohanta and Krishna.

I. **Orexo Satisfies the Low Burden Necessary to Obtain a Letters Rogatory Executed by This Court.**

The terms of Orexo's request for letters rogatory are just and appropriate and satisfy the low burden to establish the propriety of using Convention procedures. *See Astrazeneca*, 2008 WL 314627, at *3 (the party seeking to obtain discovery through the Hague Convention bears the burden of demonstrating the "justness" and "appropriateness" of that method). Orexo's

8

burden under the Hague Convention "is not great" because "the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Metso*, 2007 WL 1875560, at *2 (citations and quotations omitted).  To determine whether discovery will proceed under the Hague Convention requires "scrutiny . . . of the particular facts, sovereign interests, and likelihood that such resort will prove effective." *Astrazeneca*, 2008 WL 314627, at *3 (citations and quotations omitted).

The facts here show that deposing the former employees is likely to lead to the discovery of material evidence.  The employees' roles in the development and analysis of Mylan's ANDA Products means they are particularly likely to provide information relevant to Orexo's infringement claims.  *See* Exs. E and F.

"Courts routinely issue [letters rogatory] where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Group, Inc.*, No. 04 Civ. 7028, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (granting motion for letters rogatory requesting deposition testimony and stating that a party "is entitled to conduct discovery that may uncover relevant evidence[.]"). "Through letters of request, parties may inquire on matters for which admissibility is not immediately apparent, as long as the inquiry is reasonably calculated to lead to discovery of admissible evidence."); *see also* 6 James Wm. Moore, *Moore's Fed. Prac.* § 28.12[8] (2002). Thus, the same standard applies to discovery of a foreign witness as applies to a witness within this Court's jurisdiction—in order to be discoverable, the information or documents sought need only be "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1); *Netherby*, 2005 WL 1214345, at *1; *see also DBMS Consultants Ltd. v. Computer Assocs. Int'l., Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) (granting motion for letters rogatory

9

because the requested discovery was pertinent to an issue that is "significant to the resolution" of the litigation).

Orexo's request is focused. The request is geared toward testimony and documents relating to infringement. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Moreover, resorting to the Convention procedures would be effective given Mylan's unwillingness to assist in securing their respective depositions absent a court order. Orexo in February 2012 advised Mylan of its intention to obtain discovery from Mr. Mohanta, and in February 2013 advised Mylan of its intention to obtain discovery from Mr. Krishna. Mylan refused to indicate if it would secure the voluntary appearance of these witnesses. *See* Exs. C and D. On April 17, 2013, the Court ordered that "Mylan provide information and assistance to the extent practicable to secure the deposition testimony" of these former employees. April 17, 2013 Order re: New York Deposition. The voluntary appearance of these witnesses has not yet been secured. Orexo appropriately initiates the lengthy Hague process at this time to address the possibility that Mylan's efforts do not secure voluntary witness depositions.

Further, a letters rogatory under the Hague Evidence Convention is not only just and appropriate, but—absent voluntary attendance—is the only available method to obtain testimonial evidence from Misters Mohanta and Krishna, who are not parties to this action and are not located within the United States. In light of the inadequacy of the use of the Federal Rules of Civil Procedure to secure the evidence sought here, the proper and only course is by

10

Letters Rogatory.[1]

### II. The Issuance of a Letters Rogatory Is Necessary Because the Former Employees Have Direct Knowledge of Facts Relevant to the Infringement Claims in this Case.

Misters Mohanta and Krishna's involvement in development, analysis, and manufacture of Mylan's ANDA Products means they are likely to provide information relevant to Orexo's infringement claims. This alone is sufficient to compel their deposition.



The testimony sought from both employees will therefore be key in supporting Orexo's evidence on infringement and may help rebut Mylan's allegations of non-infringement.

### CONCLUSION

For the foregoing reasons, Orexo respectfully request that this Court issue a Letters Rogatory to the Central Authority of India for the deposition of Misters Mohanta and Krishna.

---

[1] Although Orexo has no other options to obtain the requested discovery, Orexo need not even make this showing. Rule 28 states explicitly that a letter of request may be issued "without a showing that taking the deposition in another manner is impracticable or inconvenient." Fed. R. Civ. P. 28(b)(2)(B).

11

Respectfully Submitted,

Dated: April 23, 2013      By:    <u>s/ John E. Flaherty</u>

John E. Flaherty
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Errol B. Taylor
Fredrick M. Zullow
Anna Brook
Sunila Sreepada
MILBANK, TWEED, HADLEY
& McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

*Attorneys for Plaintiff*
*Orexo AB*