UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OREXO AB,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>MYLAN PHARMACEUTICALS INC. and MYLAN INC.,<br><br>　　　　　Defendants. | Honorable Freda L. Wolfson, U.S.D.J.<br>Honorable Lois H. Goodman, U.S.M.J.<br><br>Civil Action No. 3:11-cv-03788 (FLW)(LHG) |

## [PROPOSED] ORDER TO SEAL

THIS MATTER having come before the Court upon the motion of Plaintiff Orexo AB ("Plaintiff") pursuant to Local Rule 5.3(c) to seal portions of Plaintiff's Answer and Defenses to Counterclaims set forth in Defendants' First Amended Answer, which was electronically filed on July 22, 2013 [D.I. 146] (the "Subject Material"); and the Court having considered the written submissions of the parties, and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

1. This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

2. To protect the confidentiality of this information, the parties agreed to a Stipulated Discovery Confidentiality Order, entered in this litigation on March 26, 2012 (D.E. 47, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Highly Confidential", and provides that a party wishing to use materials so

designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 12).

3. By designating the Subject Material "Highly Confidential," Plaintiff has represented that the Subject Material includes its sensitive business, financial or other proprietary information, the disclosure of which would destroy the value of Plaintiff's information and the competitive advantage which attaches thereto. Plaintiff has a legitimate interest in the continued confidentiality of this information.

4. Absent an order sealing the Subject Material, Plaintiff cannot include the confidential information in support of its Answer and Defenses without wholly disregarding the confidentiality designation. The omission of this confidential information from Plaintiff's Answer and Defenses would significantly limit Plaintiff's ability to adequately advocate for its position.

5. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Plaintiff has met its burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

6. Specifically, the Court concludes that:

   (a) the Subject Material contains information concerning Plaintiff's proprietary, business or financial information that Plaintiff has designated "Highly Confidential";

   (b) Plaintiff has a legitimate interest in maintaining the confidentiality of the Subject Material;

   (c) the omission of the Subject Material from Plaintiff's Answer and Defenses would significantly limit Plaintiff's ability to advocate for its position; and

   (d) there is no less restrictive alternative to the relief sought.

**THEREFORE,** it is on this 11th day of October, 2013

**ORDERED** that this Motion to Seal, pursuant to Local Rule 5.3 is hereby granted; and

**IT IS FURTHER ORDERED** that the Clerk is hereby directed to seal the Subject Material; and it is further ORDERED that Onuvo shall file a public version of the document within 5 days.

_____
Hon. Lois H. Goodman, U.S.M.J.

3